```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. CROIX
```

| | | |
|---|---|---|
| **JOHNNY MARTINEZ,** | ) | **D.C. CV. No. 2004-071** |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) Ref: | D.C. CV. App. 2005-052 |
| **BUREAU OF CORRECTIONS,** | ) | D.C. CR. App. 1998-015 |
| **WARDEN IRA PHILLIPS,** | ) | |
| Respondents. | ) | |
| _____ | ) | |

# O R D E R

**THIS MATTER** is before the Court on Johnny Martinez's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, the Government's response in opposition thereto, and Petitioner's reply.

Martinez pled guilty in the Superior Court of the Virgin Islands to second degree murder and unauthorized possession of a firearm during the commission of a crime of violence. He was sentenced to eighty-five (85) years incarceration. His conviction and sentence were affirmed by the Appellate Division of this Court on November 23, 1999. On a timely motion, his sentence was later reduced to forty-five (45) years. Martinez then filed a petition for writ on habeas corpus in January 2003 and an amended petition for writ of habeas corpus in November 2004.

While his petition was pending before the Superior Court, Martinez filed the instant petition under § 2241 alleging that the conditions of his confinement are illegal insofar as he is being denied his Fourteenth Amendment due process rights. That is, he is

*Martinez v. BOC*
D.C. CV. No. 2004-071
Order
Page 2

being denied access to the Courts as a result of his lack of access to the institution's law library. His lack of access to the courts, he contends, was as a result of being placed in a Punitive Segregation Unit (PSU) without due process. As such, he contends that he is unable "to attack the conditions of his present confinement and criminal conviction (sentence received), under the United States Constitution." (Pet. at 2.) The Superior Court subsequently denied Martinez's petition for writ of habeas corpus and his motion to reconsider.

The Government moves to dismiss the instant petition on grounds that it is moot. Specifically, the Government contends that because Martinez had been placed back in the general population, and no Virgin Islands statute or regulation imposed any collateral consequences on a prisoner who has been released from punitive confinement back to the general population, the case is moot. (Mot. to Dismiss at 2-3.)

Martinez replies that if the instant petition is dismissed under the mootness doctrine, the Government would be able to repeat the same violations against him, and, if he again files a petition for habeas corpus relief, the Government could then release him from punitive confinement and declare his petition moot. (Pet'r Response to Mot. to Dismiss at 2.) In a nutshell, Martinez argues that Respondents conduct may be repeated if this petition is dismissed as moot. (*Id.*)

*Martinez v. BOC*
D.C. CV. No. 2004-071
Order
Page 3

The Court finds that, in this instance, Martinez's claim of deprivation of his due process rights, that is, being placed in punitive segregation without being charged with an infraction, and as a direct result, being denied access to the court, survives his release from administrative segregation, and is not moot. *Cf. Allah v. Seiverling*, 229 F.3d 220, 224 (3d Cir. 2000) (holding that a prisoner's claims for damages for placement in administrative segregation in alleged retaliation for filing civil rights claims survived his release from administrative segregation, and were not moot). The Court can now turn to whether a protected liberty interest was violated.

In determining the sufficiency of this *pro se* petition, the Court is mindful to construe it liberally in favor of Petitioner. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *see also United States v. Day,* 969 F.2d 39, 42 (3d Cir. 1992).

Martinez was placed in punitive segregation on March 26, 2004 without being charged with an infraction, and he was returned to the general population on December 20, 2004. To determine whether segregation of a prisoner from the general population involves the deprivation of a state-created liberty interest protected by the Due Process clause of the Fourteenth Amendment, the segregation must impose an "atypical and significant" hardship on the inmate in "relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995); *Griffin v. Vaughn,* 112 F.3d 703,

*Martinez v. BOC*
D.C. CV. No. 2004-071
Order
Page 4

706 (3d Cir. 1997).

The failure to hold a hearing prior to placement in administrative custody is not a violation of procedural due process guaranteed by the United States Constitution. *See Griffin*, 112 F.3d at 708 (fifteen months in administrative segregation without a hearing did not deprive prisoner of liberty interest). Because Martinez has failed to allege that he was deprived of a protected liberty interest, his claim under the Fourteenth Amendment for violations of his due process rights will be dismissed.

Furthermore, an inmate lacks standing to pursue an access to the courts claim unless he shows that the alleged interference of prison officials or shortcomings in the library or legal assistance program "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 352 (1996). To provide some guidance, the Supreme Court described potential actual injuries:

> He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Lewis,* 518 U.S. at 351. An inmate must also show that a pending or contemplated legal proceeding was prejudiced or harmed in some way by the alleged interference or shortcomings. *Oliver v. Fauver,* 118 F.3d 175, 178 (3d Cir. 1997).

The Court accepts as true the factual allegations in the

*Martinez v. BOC*
D.C. CV. No. 2004-071
Order
Page 5

petition and all reasonable inferences that can be drawn therefrom.[1] Having done so, the Court finds that Martinez failed to show that the alleged interference of prison officials "hindered his efforts to pursue a legal claim;" failed to demonstrate that his pending legal proceeding before the Superior Court was prejudiced or harmed in some way by the alleged interference or shortcomings; and failed to show that he was deprived of a protected liberty interest. For the reasons stated above, it is hereby

**ORDERED** that the Government's Motion to Dismiss for mootness is **DENIED**; and further

**ORDERED** that Martinez's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED;** and further

**ORDERED** that Martinez's petition for writ of habeas corpus pursuant to the Fourteenth Amendment to the United States Constitution is **DISMISSED** for failure to state a claim; and finally

**ORDERED** that the Clerk of the Court shall **CLOSE** this file.

**DONE AND SO ORDERED** this 8 day of April 2008.

                                        **E N T E R:**

                                        /s/
                                  _____
                                  **RAYMOND L. FINCH**
                                  **DISTRICT JUDGE**

---

[1] *See Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996).

*Martinez v. BOC*
D.C. CV. No. 2004/0071
Order
Page 6

**Copies to:**
    George W. Cannon, Jr., Magistrate Judge
    Johnny Martinez, Golden Grove Adult Correctional Facility, Rural Route 1, Kingshill, VI 00850 (Please Mark: "LEGAL MAIL: OPEN IN PRESENCE OF INMATE ONLY")
    Maureen Phelan, AAG
    Law Clerk-TLB